Coulter *v.* Sewing Machine Co.

3L 115
10L 366
1pi 134
4pi 765

## J. J. COULTER *v.* WEED SEWING MACHINE COMPANY.

1. SUIT BY NON-RESIDENT. *Ignorance of law.* A citizen of another State, who is a party to a suit in this State and appears by counsel from its inception, cannot claim an election in the mode of trial, based upon his ignorance of the law of this State.

2. PRACTICE. *Right to jury waived by cause remaining on non-jury docket.* Although a party to a suit brought into the Circuit Court by appeal from a Justice, enter of record a demand for a jury trial, he may waive that right by allowing the case to remain on the non-jury docket, and failing to call the attention of the court to his demand at the proper time.

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county.    JOHN B. HOYLE, J.

DEWITT & SHEPHERD for Coulter.

BAXTER & BARTON for Company.

COOPER, J., delivered the opinion of the court.

The Weed Sewing Machine Company brought this action before a justice of the peace, on a note given by J. J. Coulter for a sewing machine.    The defense was a failure of consideration, by reason of the worthlessness of the machine.    The justice gave judgment for the defendant on the 5th of May, 1877.    On the same day, the Sewing Machine Company prayed an appeal to the Circuit Court which was granted, and the appeal perfected by the execution of the proper

bond on the same day. The case was tried on the 3d of April, 1878, by the Circuit Judge, without a jury, and a judgment rendered in favor of the company, from which Coulter appealed in error.

It is assigned as error, that the finding of the Judge was against the weight of evidence. But there is evidence to sustain his judgment, and, under the uniform rulings of this court, we cannot interfere.

The other error relied on is, that the Circuit Judge ought to have sustained the application of the plaintiff in error for a trial by jury, or his motion for a new trial, in order to give him the benefit of a jury. When the case, which was and had been on the non-jury docket, was called for trial, the plaintiff moved the court to transfer the case to the jury docket, and sustained his motion by his own affidavit to the effect that he was, and had been for more than forty years, a citizen of the State of Georgia, and did not know until the case was called for trial, of the act of 1875, ch. 4, which requires either party who desires a jury, in the case of an appeal from the justice, to demand a jury "within the first three days of the trial term." This affidavit conceded on its face that the trial term, within the meaning of the statute, was the May term, 1877, of the Circuit Court, which begun on the 7th of May, two days after the appeal. Under these circumstances, the Circuit Judge very properly ruled that the application for a jury came too late. The record shows that the plaintiff in error was present, with his counsel, at the trial before the justice of the peace, and however ignorant he may have been of the Ten-

Coulter *v.* Sewing Machine Co.

nessee law, it cannot be pretended that his counsel was ignorant of it. The law of a foreign State is a fact of which a litigant in a suit in his own State may require proof, and have no knowledge. But it has never been supposed that a party to a suit, whether citizen or stranger, can claim any benefit by reason of his ignorance of the law of the State in which the suit is brought. Few trials would stand if such a claim could be entertained.

After the trial, the plaintiff in error sought, by affidavit, to correct the concession of his former affidavit that the May term, 1877, was the trial term of the case, by showing that the justice did not file the papers until the 18th of that month, and produced record evidence of an entry on the second day of the next term, that he demanded a jury. But he cannot put the Circuit Judge in error by his own mistakes. Whether the May term was the trial term or not, within the meaning of the act of 1875, the demand for a jury was waived by allowing the case to be continued for several terms on the non-jury docket, and failing to insist upon the demand at the proper time.

Affirm the judgment.